UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALM AUTO SALES, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LCF GROUP, INC.,<br><br>    Defendant. | Case No. 25-cv-03385-SVK<br><br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND GRANTING STAY**<br><br>Re: Dkt. No. 13 |

Before the Court is Defendant LCF Group, Inc.'s ("LCF") Motion to Dismiss Plaintiffs' complaint. Dkt. 13. Plaintiffs are Palm Auto Sales, Inc., a California corporation, and Johnny and Salma Chawi, the sole shareholders of Palm Auto Sales. Dkt. 1, ¶¶ 1-3; Dkt. 19 at 2. Their complaint seeks declaratory relief that none of Plaintiffs are liable for a contract allegedly made between their son Elie Chawi and Defendant LCF. Dkt. 1, ¶ 7; Dkt. 19 at 2. A parallel proceeding is ongoing between LCF as plaintiff and Plaintiffs, as well as Elie Chawi, as defendants in New York State Supreme Court. Dkt. 1, ¶ 15-16. Here, LCF has moved to dismiss the case on various grounds, arguing foremost that "[t]he Court has authority to dismiss or stay a declaratory relief action when a parallel state court action is pending." Dkt. 13 at 9-10 (Section III.A.). In Plaintiffs' opposition as well as the Parties' joint case management statement, Plaintiffs argue that unlike Elie Chawi, who made a contract in New York, none of Plaintiffs can properly be hailed into New York courts for lack of personal jurisdiction. Dkt. 19 at 3; Dkt. 18 at 2. Plaintiffs have thus filed a motion to quash summons in the New York action. *Id.* In their opposition, Plaintiffs argue that the case should not be dismissed but stayed "pending the outcome of the motion to quash in New York." Dkt. 19 at 4. In reply, LCF, while urging dismissal, acknowledges that, in the Court's discretion, the case may be "stayed per Plaintiffs' request." Dkt. 21 at 4. Having considered the Parties' submissions, the relevant law and the record in this

matter—including the tacit agreement of both Parties—the Court accordingly **DENIES** the motion to dismiss **without prejudice** and **STAYS** the case.

The case is **STAYED** until **February 9, 2026** or until the New York Supreme Court rules on Plaintiffs' motion to quash, whichever is earlier.

The Parties **shall file** a joint status report within **ten days** of the termination of the stay. The joint status report may seek an extension of the stay; may propose a briefing schedule as to a renewed motion to dismiss by LCF, if any; and shall attach the New York Supreme Court's ruling if it has issued.

**SO ORDERED.**

Dated: November 12, 2025

SUSAN VAN KEULEN
United States Magistrate Judge